# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| KERRY M. SELLARS, | ) |
| *Plaintiff*, | ) Case No. 3:25-cv-413 |
| v. | ) Judge Atchley |
| BRIAN ELLER, *et al.*, | ) Magistrate Judge McCook |
| *Defendants.* | ) |

## MEMORANDUM AND ORDER

Plaintiff Kerry M. Sellars, a Tennessee prisoner incarcerated at the Northeast Correctional Complex ("NECX"), filed a complaint under 42 U.S.C. § 1983 [Doc. 2] and motion for leave to proceed *in forma pauperis* [Doc. 1]. For the reasons set forth below, the Court will **GRANT** Plaintiff's motion and **DISMISS** this action for failure to state a claim.

## I. MOTION TO PROCEED *IN FORMA PAUPERIS*

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee. *See* 28 U.S.C. § 1915(a). A review of Plaintiff's motion [Doc. 1] demonstrates that he lacks sufficient financial resources to pay the filing fee in a lump sum. Accordingly, pursuant to 28 U.S.C. § 1915, Plaintiff's motion [*Id.*] will be **GRANTED**.

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee, 37902 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred

fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk will be **DIRECTED** to send a copy of this Order to the Court's financial deputy and the custodian of inmate trust accounts at Plaintiff's current facility to ensure compliance with the PLRA's requirements for payment of the filing fee.

## II.     ALLEGATIONS OF COMPLAINT

At approximately 2:00 p.m. on January 8, 2025, Plaintiff received his commissary at the NECX [Doc. 2 at 12]. When Plaintiff placed his commissary inside his cell, two gang members took it [*Id.*]. Plaintiff left his cell to retrieve the stolen commissary and was "jump[ed]" by six gang members and kicked in the head [*Id.*]. Plaintiff received treatment for an injury to his eye he sustained during the incident [*Id.*].

Plaintiff filed a grievance and asked for the videos to be reviewed so Plaintiff's robbery could be discovered, because "all that was seen on camera was the time [Plaintiff] and the six crip gang members had [an] altercation in [the] pod" [*Id.* at 12]. But Internal Affairs Cpl. Hensley refused to review the video, even when Plaintiff filed a grievance and Warden Eller told Cpl. Hensley to do so [*Id.*].

Aggrieved, Plaintiff filed this action against Warden Brian Eller, Steve Andrews, and Cpl. James Hensley, seeking monetary damages for injuries he sustained [*Id.* at 5].

## III.    ANALYSIS

In his complaint, Plaintiff specifies that he is suing Defendant Brian Eller in his official capacity only [Doc. 2 at 2]. He does not identify a capacity of suit for either Defendant Andrews or Defendant Hensley [*Id.* at 2–3]. Therefore, out of an abundance of caution, the Court assumes Plaintiff brings this action against Defendants Andrews and Hensley in both their individual and official capacities.

2

### A. Official-Capacity Claims

The TDOC is an arm of the State of Tennessee, and thus, suit against Defendants in their respective official capacities is suit against the State itself. *See Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (holding TDOC is equivalent of the "State"); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent."). But Plaintiff may not maintain suit against a State or its employees in their official capacities because "a state is not a person within the meaning of §1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989).

Additionally, the Eleventh Amendment typically "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments." *Thiokol Corp. v. Mich. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–01 (1984)). As there has not been congressional abrogation or waiver of immunity, Plaintiff's claims against Defendants in their official capacities are otherwise barred by the Eleventh Amendment. *See, e.g., Quern v. Jordan*, 440 U.S. 332, 345 (1979) (finding § 1983 does not waive state sovereign immunity); *Berndt v. State of Tennessee,* 796 F.2d 879, 881 (6th Cir. 1986) (noting that Tennessee has not waived immunity to suits under § 1983); *WCI, Inc. v. Ohio Dep't of Pub. Safety*, 18 F.4th 509, 513–14 (6th Cir. 2021) (holding state officials sued in official capacity immune from suit under doctrine of sovereign immunity absent consent). Therefore, the Court will **DISMISS** all official-capacity claims against the Defendants. And as Defendant Eller is sued solely in his official capacity, the Court will **DISMISS** all claims against Defendant Eller.

### B. Individual-Capacity Claims

A plaintiff cannot maintain suit against an individual defendant based solely on his position of authority, as there is no *respondeat superior* liability in a § 1983 action. *See Monell*, 436 U.S. at 691 (holding local government "cannot be held liable under §1983 on a *respondeat superior* theory"); *Iqbal*, 556 U.S. at 676 (noting that "our precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior"). Instead, to state a claim against any Defendant individually, Plaintiff must adequately plead that each Defendant, through his own actions, has violated the Constitution. *Iqbal*, 556 U.S. at 676; *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted). Here, Plaintiff fails to plead any facts suggesting that Defendant Andrews had any involvement in the incidents giving rise to Plaintiff's complaint. Therefore, Plaintiff's complaint fails to state a claim against Defendant Andrews, and the Court will **DISMISS** him from this action.[1]

As to Defendant Cpl. James Hensley, the Court construes Plaintiff's complaint to assert claims that this Defendant failed to (1) protect Plaintiff's person and property from harm and (2) investigate the theft of Plaintiff's commissary. The Court considers each claim in turn.

The Eighth Amendment's prohibition on "cruel and unusual punishment" "places duties" on prison officials. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Those duties require officials to "take reasonable measures to guarantee the safety of" inmates. *Id.* (quoting *Hudson v. Palmer*, 468 U.S. 517, 527–27 (1984)). "It is not, however, every injury suffered by one prisoner at the

---

[1] Plaintiff's complaint also fails to allege Defendant Eller's personal involvement in any wrongdoing alleged in the complaint [*See generally* Doc. 2]. Therefore, even if the Court were to construe Plaintiff's complaint as raising an individual liability claim against Defendant Eller, he would also be entitled to dismissal based on this same reasoning.

4

hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. Instead, "[f]or a failure-to-protect claim to lie against a prison official, the plaintiff must show that: (1) objectively, he was incarcerated under conditions posing a substantial risk of serious harm; and (2) the official acted with deliberate indifference to inmate safety, meaning the official was subjectively aware of the risk and fail[ed] to take reasonable measures to abate it." *Reedy v. West*, 988 F.3d 907, 912 (6th Cir. 2021) (citations and quotations omitted) (alteration in original).

Because of the subjective component necessary to establish failure-to-protect liability, an officer cannot be deliberately indifferent when an inmate is a victim of an unforeseeable attack. *Tucker v. Evans*, 276 F.3d 999, 1001 (8th Cir. 2002). Therefore, an officer's negligence or dereliction of duty cannot be the basis of a failure-to-protect claim. *See Daniels v. Williams*, 474 U.S. 327 (1986) (holding negligence does not state §1983 cause of action).

Plaintiff has not set forth facts from which the Court can plausibly infer that Defendant Hensley was subjectively aware that Plaintiff and/or his property were at risk of harm at the hands of other inmates and failed to intervene despite an opportunity to do so. As such, Plaintiff's complaint fails to "nudge[] [this claim] across the line from conceivable to plausible[,]" and the Court will **DISMISS** this claim. *Twombly*, 550 U.S. at 570.[2]

---

[2] Additionally, even if Defendant Hensley's (in)action led to the deprivation of Plaintiff's property, any potential remedy would lie in State, not federal, law. The United States Supreme Court has held that the Due Process Clause of the Fourteenth Amendment is not violated when a State employee randomly deprives an individual of property, provided that the State makes available a meaningful post-deprivation remedy. *Parratt v. Taylor*, 451 U.S. 527, 543 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (extending *Parratt*'s holding to intentional deprivations of property). Plaintiff has not pled that Tennessee's post-deprivation procedures are inadequate for redressing the alleged wrong as is necessary to sustain his § 1983 claim. *See Vicory v. Walton*, 721 F.2d 1062, 1063 (6th Cir. 1983). Additionally, the Court notes that Tennessee law provides for the recovery of personal property. *See McQuiston v. Ward*, No. 2001-201-COA-R3-CV, 2001 WL

5

Plaintiff's claim that Defendant Hensley failed to investigate the theft of his commissary fares no better. Plaintiff does not have a constitutional right to an investigation, and a Defendant's mere failure to act does not give rise to a constitutional violation. *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007) ("There is no statutory or common law right, much less a constitutional right, to an investigation." (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973))); *Frodge v. City of Newport*, 501 F. App'x 519, 532 (6th Cir. 2012) (providing that a "failure to act . . . do[es] not constitute 'active constitutional behavior' as required [to violate § 1983] and thus, [is] not actionable" under § 1983 (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999))). Therefore, Plaintiff has failed to state a plausible § 1983 claim against Defendant Hensley, and the Court will **DISMISS** all claims against him.

## IV. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust accounts is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

6. Accordingly, this action will be **DISMISSED without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

---

839037, at *1 (Tenn. Ct. App. July 25, 2001) (citing to Tenn. Code. Ann. § 29-30-101 and § 29-30-201).

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

8. An appropriate judgment order will enter.

**SO ORDERED.**

                                          */s/ Charles E. Atchley, Jr.*
                                          **CHARLES E. ATCHLEY, JR.**
                                          **UNITED STATES DISTRICT JUDGE**

7

Case 3:25-cv-00413-CEA-JEM     Document 5     Filed 08/22/25     Page 7 of 7     PageID #: 43